UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GEORGE JOSEPH RAUDENBUSH III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DERRICK SCHOLFIELD, BOBBY STRAUGHTER, ) <br> MARK THOMASON, AMANDA SALYERS, ) <br> FAYE MCNUTT, MICHELLE HARPER, ) <br> GERALD GULLEY, and ALISHA JAMES, ) <br> ) <br> Defendants. ) | No.: 3:17-CV-12-TAV-CCS |

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2], an amended complaint [Doc. 3], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Defendant Gulley has also filed a motion to dismiss [Docs. 4, 5]. Plaintiff filed a response in opposition to the motion to dismiss [Doc. 8],[1] Defendant Gulley filed a reply [Doc. 9], and Plaintiff filed an unauthorized sur-reply [Doc. 10].

For the reasons discussed herein, Defendant Gulley's motion to dismiss [Doc. 4] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 as to all Defendants.

---

[1] Plaintiff also filed a motion for extension of time to file a response to the motion to dismiss [Doc. 6]. In light of Defendant Gulley's lack of opposition thereto [Doc. 7], the motion for extension of time to respond [Doc. 6] will be **GRANTED**.

**I.     Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**II.    Allegations of the Complaint**

In his complaint, Plaintiff alleges that he was convicted in Monroe County of various crimes, sentenced to a four-year maximum sentence, and that he was released "within two

months" of completing that sentence because he had a good record [Doc. 3 pp. 8–9]. Plaintiff also alleges that on December 3, 2013, the Tennessee Court of Appeals reversed this conviction and that on December 20, 2013, a bond was secured for Plaintiff's release [*Id.* at 9].[2]

On December 15, 2014, however, after Plaintiff was retried and again convicted of the same charges for a second time, Plaintiff again received a maximum sentence of four years [*Id.* at 10]. Plaintiff states that during his sentencing for this second conviction, the trial judge stated that Plaintiff would be on probation until the Board of Parole of the Tennessee Department of Correction ("TDOC") determined that Plaintiff had flattened his sentence [*Id.* at 11]. Plaintiff was then taken to the Board of Parole, where he was processed and issued a violent offender identification card [*Id.* at 10].

Plaintiff states that at his processing, he presented Defendant Salyers with a letter from the Chief Counsel of the Public Defender's Office dated January 16, 2014, which stated that Plaintiff's first sentence was set to expiate in April if it had not been set aside [*Id.* at 10]. According to Plaintiff, Defendant Salyers made a copy of the letter, stated that the copy would be place in Plaintiff's file, and gave the original letter back to Plaintiff [*Id.* at 10–11]. Plaintiff further provides that Defendant Salyers's supervisor was present during this exchange [*Id.*]. Plaintiff also states that he told Defendant Salyers about the trial judge's statement regarding the Parole Board flattening Plaintiff's sentence [*Id.* at 11]. Further, as Plaintiff was living in

---

[2] Plaintiff also sets forth allegations about mistreatment at or about the time of his release from Tennessee Department of Correction's custody and seeks to hold Defendants liable for this mistreatment [Doc. 3 pp. 9, 14–15]. This alleged mistreatment occurred in 2013, and, as Plaintiff's complaint was not filed until January 18, 2017, any such claims are time-barred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (holding that, in Tennessee, a one-year statute of limitations is applicable to § 1983 actions); *see also* Tenn. Code Ann. § 28-3-104(a)(3). Further, nothing in the amended complaint allows the Court to plausibly infer that any of the individual Defendants were involved in this alleged mistreatment. Accordingly, these allegations fail to state a claim upon which relief may be granted as to these Defendants.

Knoxville, Defendant Salyers transferred Plaintiff's case to the Knoxville office of the Board of Parole [*Id.*].

On December 16, 2014, Plaintiff met with Defendant McNutt at the Knoxville Board of Parole office and presented her with the same letter from the Chief Counsel of the Public Defender's Office [*Id.*]. According to Plaintiff, Defendant McNutt agreed that it appeared that Plaintiff had been over sentenced and made a copy of the letter for Plaintiff's file [*Id.*]. Plaintiff gave Defendant McNutt "a detailed narrative documenting the over sentencing" [*Id.*]. Plaintiff also states that he called Defendant McNutt on November 17, 2015, and left her a voice message regarding the trial judge's statements at sentencing pertaining to the Board of Parole flattening Plaintiff's sentence [*Id.* at 12].

On January 27, 2015, Plaintiff met with Defendant Harper at the Knoxville Board of Parole office and requested a Tennessee state identification card to help him with employment matters [*Id.*]. This request was refused, as Defendant Harper stated that Plaintiff would only get a violent offender identification card [*Id.*]. Plaintiff again gave Defendant Harper a copy of the same letter from the Chief Counsel of the Public Defender's Office and a "detailed narrative" of the over sentencing [*Id.*]. Plaintiff further requested that Defendant Harper check her files, as they would show that Plaintiff was not required to serve a second sentence, but all of Plaintiff's requests were ignored [*Id.*].

Plaintiff later met with Probation Officer Jeff Skeen[3] and presented Mr. Skeen with the same information he had previously presented to Defendants Salyers, McNutt, Harper, and

---

[3]While Plaintiff's complaint states that this meeting occurred on January 12, 2014, it appears likely from the chronological nature of Plaintiff's allegations regarding his parole meetings that the meeting actually occurred on January 12, 2016.

Gulley, and Mr. Skeen told Plaintiff that he was going to request termination of Plaintiff's probation [*Id.* at 12–13].

On January 18, 2016, the TDOC recognized the over sentencing error and terminated Plaintiff's sentence based on the same letter from the Chief Counsel of the Public Defender's Office that Plaintiff had previously presented to all probation officers [*Id.* at 13].

Plaintiff seeks to hold Defendants Schofield, Straughter, James, and Thomason liable for failure to train and/or supervise Defendants Salyers, McNutt, and Harper [*Id.* at 2–4]. Plaintiff seeks to hold Defendants Salyers, McNutt, and Harper liable for failing to properly evaluate and correct Plaintiff's sentence [*Id.* at 4–6]. Plaintiff seeks to hold Defendant Gulley, his public defender in the underlying criminal action, liable for not taking steps to correct Plaintiff's sentence in accordance with Plaintiff's requests [*Id.* at 6–7, 12–13].

### III. Legal Analysis

First, as to Defendant Gulley, it is apparent from the complaint that Plaintiff seeks to hold Defendant Gulley liable for acts and/or omissions related to his sentence because Defendant Gulley was Plaintiff's appointed public defender. While acting in that capacity, however, Mr. Gulley is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–325 (1981) (holding that a public defender exercising his independent professional judgment in a criminal proceeding does not act under color of state law). Accordingly, Plaintiff cannot establish the element of state action with respect to Defendant Gulley. As such, Defendant Gulley's motion to dismiss [Doc. 4] will be **GRANTED**, and Defendant Gulley will be **DISMISSED**.

Next, Plaintiff has sued all Defendants in both their individual and official capacities. It is well-established, however, that claims against individual defendants in their official capacity

5

are "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978). Thus, Plaintiff's claims against the remaining Defendants in their official capacities are actually claims against the State of Tennessee. The Eleventh Amendment, however, provides the State of Tennessee with immunity from § 1983 claims. *Rodgers v. Mich. Dep't of Corrs.*, 29 F. App'x 259, 260 (6th Cir. 2002). Thus, all claims against the individual Defendants in their official capacities are **DISMISSED** due to Eleventh Amendment immunity from suit.

Further, as to Plaintiff's claims against Defendants Schofield, Straughter, James, and Thomason for failure to train and/or supervise, Plaintiff has not alleged that any of these Defendants had knowledge of any prior unconstitutional conduct of Defendants Salyers, McNutt, and Harper, such that they were on notice that their training was insufficient. As such, Plaintiff's complaint fails to state a claim against Defendants Schofield, Straughter, James, and Thomason for failure to train and/or supervise. *Davis v. Butler Cty.*, 658 F. App'x 208, 215–16 (6th Cir. 2016) (holding that, to state a claim for failure to train and/or supervise the plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the [defendant] had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury") (quoting *Burgess v. Fischer*, 735, F.3d 462, 478 (6th Cir. 2013)). As such, these Defendants will be **DISMISSED**.

Also, as to the claims against Defendants Salyers, McNutt, and Harper in their individual capacities, Plaintiff does not allege that any of these Defendants were responsible for the alleged over sentencing. Rather, read as a whole and construed liberally in favor of Plaintiff, Plaintiff's complaint seeks to hold Defendants Salyers, McNutt, and Harper liable for not taking steps to

correct Plaintiff's erroneous sentence earlier, despite Plaintiff notifying Defendants Salyers, McNutt, and Harper that he had been over sentenced.

The absolute judicial immunity to which judges are entitled for claims against them for acts in their judicial capacity from suits for money damages, including § 1983 civil suits, *see King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985), however, extends to persons who perform quasi-judicial functions, such as probation officers, for acts performed in that capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that "quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."); *Loggins v. Franklin Cty.*, 218 F. App'x 466, 476 (6th Cir. 2007) (finding that probation officers are entitled to quasi-judicial immunity to the extent they are performing judicial duties).

As it is apparent that all acts and/or omissions of these Defendants as to Plaintiff's erroneous sentence were performed while enforcing or executing a court order, those acts are "intrinsically associate with a judicial proceeding" and these Defendants are therefore entitled to quasi-judicial immunity for those acts. *Rauch*, 38 F.3d at 847 (holding that actions taken while "enforcing or executing a court order [are] intrinsically associated with a judicial proceeding" and that such acts are therefore entitled to judicial immunity).[4] Accordingly, Defendants Salyers, McNutt, and Harper are entitled to quasi-judicial immunity and they will be **DISMISSED**.

---

[4] Further, to the extent Plaintiff's claims against these Defendants arise out of the allegation that these Defendants should have corrected any over sentencing by the judge, the Sixth Circuit has specifically noted that it would be illogical to allow such claims to proceed in light of the immunity granted to judges. *Rauch*, 38 F.3d at 847 (noting that "officials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function" as otherwise, officials would be responsible for second guessing the decisions of the judge).

**IV. Conclusion**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff's motion for an extension of time to file a response to the motion to dismiss [Doc. 6] will be **GRANTED**;

3. Defendant Gulley's motion to dismiss [Doc. 4] will be **GRANTED**; and

4. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants and this action will, therefore, be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

Because Plaintiff is not incarcerated, he will not be charged the filing fee.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE